There is no felony in Texas known as "defrauding", and there is no showing in this record that there is such an offense in New Mexico. The warrant therefore fails to charge appellant with a crime under the laws of that state as is required by Section 3 of Article 1008a, Vernon's Ann.C.C.P.

The judgment is reversed and the cause remanded.

the proper receiving agents of the State of New Mexico. From that order appellant gave notice of appeal.

Our disposition of this case is controlled by our decision this day handed down in Ex parte Brunner, 396 S.W.2d 125. We adopt herein the opinion in Brunner, supra, as our opinion in this case.

The judgment is reversed and the cause remanded.

### Ex parte Dale Gene BULLER.
### No. 38465.

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

Andrew Patton, John W. Chandler, Dallas, for appellant.

Henry Wade, Dist. Atty., Ben Ellis, W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant, relator in the court below, was arrested and taken into custody by virtue of the executive warrant of the Governor of this State, issued upon the requisition of the Governor of the State of New Mexico, where appellant and others allegedly "did knowingly combine with each other for the purpose of committing a felony, to-wit, defrauding."

Appellant challenged the legality of his arrest and subsequent restraint by writ of habeas corpus before the Judge of the Criminal District Court No. 4 of Dallas County who, after a hearing, denied relief and remanded appellant to the custody of the sheriff of Dallas County to be delivered to

### Ex parte William M. SEXTON.
### No. 38466.

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

Andrew Patton, John W. Chandler, Dallas, for appellant.

Henry Wade, Dist. Atty., Ben Ellis, W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant, relator in the court below, was arrested and taken into custody by virtue of the executive warrant of the Governor of this State, issued upon the requisition of the Governor of the State of New Mexico, where appellant and others allegedly "did knowingly combine with each other for the purpose of committing a felony, to-wit, defrauding."

Appellant challenged the legality of his arrest and subsequent restraint by writ of habeas corpus before the Judge of the Criminal District Court No. 4 of Dallas County who, after a hearing, denied relief and remanded appellant to the custody of the sheriff of Dallas County to be delivered